UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>        Petitioner,<br><br>    v.<br><br>REBECCA BARRON; TERRY McNALLY; LISA GREEN; JOHN SOMERS; ANGIE RALLS; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and COASTLINE COMMUNITY COLLEGE,<br><br>        Respondents. | No. 1:17-cv-00046-SKO  HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Docs. 1, 10, and 13)** |

**Screening Memorandum**

Petitioner Erick D. Henson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  On December 2, 2016, Petitioner filed a petition for writ of habeas corpus under California Penal Code § 1473, *et seq.*, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  Because the petition's proper venue is the Fresno Division of the Eastern District, the petition was transferred to the Fresno Division on January 12, 2017.

A petition for writ of habeas corpus filed under the California Penal Code is a state action. In fact, the petition filed in the federal district court appears to be a copy of the habeas petition

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

that Petitioner filed in the Kern County Superior Court on May 3, 2016, in that it bears both the Superior Court's docket number (*see* Doc. 1 at 1) and the certification of filing of the Kern County Clerk of Court (*see* Doc. 1 at 15). Because Petitioner has not filed an appropriate federal petition, the Court will direct the Clerk of Court to forward a federal form to Petitioner along with this screening order. The screening order also provides information that will assist Petitioner in amending his petition to satisfy federal requirements. If Petitioner requires assistance in preparing an amended petition, he is directed to contact a legal assistant in the law library of the facility in which he is confined.

I.  **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

II. **Standard of Review for Federal Habeas Petitions**

A person in custody as a result of the judgment of a state court may secure relief through a federal petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

2

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring).  Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings.  *Id.*  Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71.  To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision.  *Id.*  The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72.  The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  The federal court must apply the presumption that state courts know and follow the law.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  The petitioner has the burden of establishing that the decision of the

///

state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. Federal Habeas Petitions, Section 1983 Civil Rights Actions, and *Bivens*[2] Actions

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).

Challenges to the conditions of prison life by state prisoners are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). Because a *Bivens* action provides a remedy for violation of civil rights by federal actors, a *Bivens* action is an incorrect way for a state prisoner alleging a violation arising from the conditions of his confinement to pursue a civil rights claim. The above-captioned petition alleges conditions-of-confinement claims which it identifies as *Bivens* claims but does not tie to any federal actor. Petitioner must remove those claims from his habeas petition and bring them in a separate civil rights action

---

[2] *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*, 399 U.S. 905 (1970).

pursuant to 42 U.S.C. § 1983.  This is because a petitioner may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

To the extent that Petitioner is unsure whether a particular constitutional claim is properly brought in a habeas petition or a § 1983 complaint, consideration of the relief  that he seeks will help him determine the proper course of action.  As stated above, if the claim alleges that the petitioner's conviction resulted from a federal constitutional violation and that he should be immediately released or released sooner than the end of the term of imprisonment to which he was sentenced, that claim must be brought in a habeas petition.  If the claim alleges a violation of the petitioner's federal constitutional rights arising from the conditions of his confinement and seeks either monetary or injunctive relief, that claim must be brought in a § 1983 complaint.

### IV.     **Proper Respondent**

The petition names as respondents Rebecca Barron, a probation officer; Terry McNally, apparently a juvenile justice employee in the Kern County judicial district; Kern County District Attorney Lisa Green; Kern County Judge John S. Somers; Angie Ralls, identified as "clerk";  California Department of Corrections and Rehabilitation ("CDCR"); and Coastline Community College.  The petition neither clearly identifies these respondents, nor explains their relationship to the grounds alleged for habeas relief.  Whatever their relationship to Petitioner's claims, none of these individuals is a proper respondent in a federal habeas action.

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); *Ortiz-*

*Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner in court. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Stanley*, 21 F.3d at 360. A petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. *See, Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004). When he prepares his amended petition, Petitioner may cure this defect by naming as the respondent the warden of the facility in which he is incarcerated. *See In re Morris,* 363 F.3d 891, 893-94 (9th Cir. 2004).

**V.**     **<u>Failure to Sign Petition</u>**

A federal petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing 2254 Cases. The state petition form filed in this action does not specify that Petitioner attests to the truthfulness of the allegations and was not signed under penalty of perjury. In addition, the state petition bears a signature of "K. Taylor," not Petitioner. Petitioner must sign the amended petition under penalty of perjury in the designated location at the end of the form.

**VI.**    **<u>Exhaustion of State Remedies</u>**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501

///

U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Because Petitioner filed a copy of the state petition filed in the superior court, the petition does not provide sufficient information to permit the Court to evaluate whether Petitioner has exhausted his claims by presenting them to the California Supreme Court.  In preparing the amended petition, using the form that will be provided to Petitioner with this order, Petitioner is advised to complete fully those portions of the form concerning the direct appeal of his conviction and state habeas proceedings.  If Petitioner has not exhausted any of the grounds alleged for habeas relief, the Court will be required to dismiss the amended petition.

### VII.     Clarity and Completeness of Grounds for Relief and Supporting Facts

Because each ground for habeas relief included in the petition comingles multiple habeas and civil rights claims, the Court is unable to provide further screening of the substance of Petitioner's claims. The inclusion of multiple and disparate claims prevents the Court from determining accurately which factual allegations are intended to support which ground for habeas relief.  In preparing his amended petition, Petitioner should take care to limit each ground for relief to one claim and to briefly but completely set forth the nature of the factual support for that claim.  The Court will conduct a substantive screening of the amended petition after it has been

7

filed. Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In addition, Petitioner has appended numerous documents to the petition without any explanation of what each document is and why it is relevant to his claims. Because the respondent must produce the record of the state proceedings as part of his response, attaching extensive materials to the petition is generally unnecessary. To the extent that Petitioner must append a document to the petition, he is directed to identify it in the petition and incorporate it by reference, identifying each such document with a separate exhibit number.

**VIII.  The Motions**

Petitioner has also filed two motions: (1) motion to correct illegal sentence (Doc. 10) and (2) motion for evidence statements (Doc. 13). Because each of these motions restates portions of claims alleged within the petition filed in this case, the Court denies these motions as moot in light of this order dismissing the petition with leave to amend.

Submitting additional motions regarding the claims set forth in a petition is unnecessary, and it is a needless waste of the Court's and the Respondent's resources. Petitioner is directed to include all claims within the amended petition and to refrain from filing motions restating those claims.

**IX.  Conclusion and Order**

Accordingly, the Court hereby ORDERS:

> 1. The petition for writ of habeas corpus is hereby DISMISSED with leave to amend.
>
> 2. The Motion to Correct Illegal Sentence (Doc. 10) and the Motion for Evidence Statements (Doc. 13) are DISMISSED as moot.

///

8

3. The Clerk's Office shall send Petitioner a copy of this order and the forms for (a) Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and (b) Civil Rights Complaint by a Prisoner Under 42 U.S.C. § 1983.

4. Within thirty (30) days of service of this order, Plaintiff shall file an amended petition naming a proper respondent. Plaintiff shall fully complete the form for the amended petition, separately stating each claim and the facts supporting each claim. Plaintiff shall sign the amended petition under penalty of perjury.

5. If Plaintiff fails to file an amended petition within thirty (30) days from the date of this order, this action will be dismissed without further notice for lack of prosecution.

IT IS SO ORDERED.

Dated: **March 7, 2017**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE