UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC ARNOLD, Warden,<br><br>        Respondent. | No. 1:17-cv-00046-SKO HC<br><br>**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST CLAIMS**<br><br>**(Doc. 17)** |

Petitioner Erick D. Henson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On March 8, 2017, following its preliminary screening of the original petition, the Court dismissed the petition with leave to amend. On March 20, 2017, Petitioner filed his first amended petition for writ of habeas corpus. Because Petitioner has failed to pursue his state remedies before filing a federal habeas petition, the Court must dismiss the petition as unexhausted.

**I.      Failure to Exhaust State Remedies**

As stated in the first screening memorandum (Doc. 15), a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

*Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

In its March 8, 2017, screening order, the Court emphasized to Petitioner that because exhaustion is necessary, the amended petition should fully allege all state proceedings concerning the grounds alleged for habeas relief.   The first amended petition reveals that Petitioner never raised his claims in either a direct appeal or habeas proceedings in California state courts.  Accordingly, all grounds for relief set forth in the amended petition are unexhausted, and the Court must dismiss the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

**II.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

                (B)  the final order in a proceeding under section 2255.

            (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

            (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

### III.  Conclusion and Order

Based on the foregoing, the Court hereby DISMISSES the petition without prejudice for failure to first exhaust claims in state court.  The Court DECLINES to issue a certificate of appealability.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **March 23, 2017**              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

3